### FOSTER *v.* WALKER ROOFING COMPANY.

FISH, C. J. Where a servant was injured by a dangerous or defective instrumentality not owned nor controlled by the master, nor, so far as it appears to the contrary, previously used by the master, but used by the servant by the direction of the master on the occasion when the servant was injured, the master was not liable,—it not appearing that he or the servant knew of the defective or dangerous condition or character of the instrumentality, but it being apparent that the servant had equal means with his master of knowing of the peril of complying with his order, or by the exercise of ordinary care might have known thereof. *Dunlap* v. *Richmond & Danville R. Co.*, 81 *Ga.* 136 (7 S. E. 283) ; *Central R. Co.* v. *McClifford*, 120 *Ga.* 90, 93 (47 S. E. 590) ; *Southern Ry. Co.* v. *Taylor*, 137 *Ga.* 704 (73 S. E. 1055), and cases cited; Civil Code, §§ 3030, 3031.

(a) Accordingly, the court properly sustained a general demurrer to a petition, the material substance of which was as follows: The plaintiff's husband, John Henry Foster, was employed by the defendant, the Walker Roofing Company (which was engaged in the business of covering buildings with roofs, and repairing the same), as a laborer whose duty was that generally required by the work carried on and conducted by the defendant. On a given date he and several other employees were ordered by the defendant to repair the roof on a certain apartment house. When they arrived at the building, they "discovered that there was no trapdoor leading [to] the roof of said apartment house, and that the only means of getting on the roof of said building was by climbing an electric-light pole . . near the west side of said apartment house. Said John Henry was thereupon ordered by said defendant to climb the pole, and from said pole to climb to the roof of said apartment house. Said pole was owned, operated, and controlled by the Georgia Railway and Electric Company of Atlanta, Georgia; . . to said pole were hung and suspended a number of electric wires for the purpose of conducting the electric current; [and] at the time said Foster

was ordered to climb said pole the wires were charged with the electric current. . . In accordance with the duty imposed upon him by the order and direction of said defendant to reach the roof of said apartment house by climbing the said pole, [he] did climb said pole and in so doing came in contact with the wires charged with the electric current, and was then and there shocked, burned, and killed by contact with said wires. . . Said defendant . . did not fulfill its duty on behalf of said Foster to use reasonable and proper care to provide for said Foster a reasonable and safe place in which to discharge his duty as aforesaid, but on the contrary failed wholly so to do, and did subject him to extraordinary risk and hazard in the course of his duty and employment, unknown to him; 'in this, to wit:   Said defendant caused said Foster to climb said pole to which were attached wires conducting the electric current, which was both powerful and dangerous. Your petitioner avers that said defendant, with the exercise of reasonable care, might have known of the unsafe character of said pole and the wires attached thereto, and  .  . that said defendant was required by law to have notice and knowledge thereof."

*Judgment affirmed. Beck, J., absent. The other Justices concur.*

FEBRUARY 12, 1913.

Action for damages. Before Judge Bell. Fulton superior court. October 6, 1911.

*Rollin H. Kimball* and *F. E. Radensleben,* for plaintiff.
*Hewlett & Dennis,* for defendant.