*W. V. Harvard* and *E. F. Strozier,* contra.

---

## HIGHTOWER *v.* SOUTHERN RAILWAY COMPANY.

1. The rule of law that a servant assumes the ordinary risks of his employment makes it his duty to exercise his own skill and diligence to protect himself, and applies alike whether the master be engaged in interstate or intrastate commerce.
2. "In order for a servant to recover for an injury on the ground that it resulted from his compliance with a direct order of his master, or of his master's representative, the servant must show that the order was a negligent one under the circumstances. If the order was negligent, and the servant knew of the peril of complying with it, or if he had equal means with his master of knowing of the peril, or by the exercise of ordinary care might have known thereof, then he can not recover for an injury received in complying with the order."

3. Where a servant is an adult of ordinary intelligence, with knowledge equal if not superior to that of the master as to the ordinary risks of his employment, he is bound to exercise his own skill and diligence to protect himself, and can not be relieved therefrom because the orders of the master, or his representative, were abrupt and peremptory, or because of fear of losing his employment, or because he did not have time to reflect.

DECEMBER 14, 1916.

Action for damages. Before Judge Kent. Twiggs superior court. January 11, 1916.

Hightower brought suit against the Southern Railway Company for damages from a personal injury received by him. The petition alleged, among other things, as follows: The plaintiff was employed by the defendant to assist in repairing its track, which was used in intrastate and interstate commerce. The suit is brought under the employer's liability act of Congress. The plaintiff was engaged in repairing the track under the instructions of a track foreman. At the time of the injury he was engaged in replacing old ties with new ones. The new ties were very hard, and it was difficult to drive spikes in them. It was the custom of the defendant to furnish new spikes with which to fasten the rails to these new ties. On this occasion the defendant did not furnish new spikes, but ordered the plaintiff to use the old ones. New spikes are sharp, and can be driven into the ties without jumping out; but when the old spikes are used in the new ties, they are liable at times to rebound. On the occasion of the injury the plaintiff was ordered by the track foreman to drive the old spikes into the new tie. The plaintiff told the foreman that it was difficult to do this, that they ought to have new spikes, and that the old ones were liable to jump out and rebound. The track foreman directed him abruptly and peremptorily to use the old spikes, and to drive them at once. Being thus ordered to use the old spike, and knowing that if he refused to do so he would lose his job, and not having time to reflect upon the matter, he undertook to drive the old spike into the new tie, when it rebounded and struck his right leg about the knee, and shattered one of the bones.

The court sustained a demurrer to the petition, and dismissed the action. The plaintiff excepted.

*R. L. Berner, W. A. McClellan,* and *L. D. Moore,* for plaintiff.
*Harris, Harris & Witman,* for defendant.

GILBERT, J. (After stating the foregoing facts.)

1. It is immaterial whether the defendant was engaged in interstate or intrastate commerce; as the rule of law which requires a servant to assume the ordinary risks of his employment, and makes it his legal duty to exercise his own skill and diligence to protect himself, applies in both cases. *Emanuel* v. *Georgia & Florida Ry. Co.,* 142 *Ga.* 543, 546 (83 S. E. 230) ; Roberts on Injuries to Interstate Employees, 193, 198. The doctrine of assumption of risks is wiped out if the injury is due to a violation of any Federal statute enacted for the safety of employees. Southern Ry. Co. *v.* Crockett, 234 U. S. 725 (34 Sup. Ct. 897, 58 L. ed. 1564).

2. "In order for a servant to recover for an injury on the ground that it resulted from his compliance with a direct order of his .master, or his master's representative, the servant must show that the order was a negligent one under the circumstances. If the order was negligent, and the servant knew of the peril of complying with it, or if he had equal means with his master of knowing of the peril, or by the exercise of ordinary care might have known thereof, then he can not recover for an injury received in complying with the order." *Southern Ry. Co.* v. *Taylor,* 137 *Ga.* 704 (73 S. E. 1055) ; *Foster* v. *Walker Roofing Co.,* 139 *Ga.* 431 (77 S. E. 581) ; *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459 (79 S. E. 130).

3. Where a servant is an adult of ordinary intelligence he can not relieve himself of the duty imposed by law in regard to assumption of risks on the ground that he is obeying orders of the master, or of a representative of the master, or because failure to obey will result in loss of employment. 4 Labatt's Master and Servant, 4002; Leary *v.* Boston &c. Railroad Co., 139 Mass. 580 (2 N. E. 115, 52 Am. R. 733) ; Seaboard Air-Line Ry. *v.* Horton, 233 U. S. 492, 504 (34 Sup. Ct. 635, 58 L. ed. 1062, L. R. A. 1915C, 1). "Declining, he may lose employment; accepting, he assumes the risks attending the service, if he knows or has been properly warned of them. The servant is not under guardianship. He is a free man, at liberty to make such contracts as he will. That through stress of circumstances he consents to the orders of the master rather than be discharged from employment does not impose liability upon the master because of such demand, if he has otherwise performed the duty which the law imposes upon him with respect to the servant." Reed *v.* Stockmeyer, 74 Fed. 186 (20 C. C. A. 381).

The petition leaves us exceptionally free from doubt as to the respective knowledge of the master and servant. It alleges that the representative of the master "knew or should have known that it [the spike] was liable sometimes to rebound and injure the person driving it." It also alleges that petitioner told defendant's representative "that the old spikes were liable to jump out and rebound." Thus the plaintiff in express terms charges himself with actual knowledge of the danger. To relieve himself of the assumption of this risk he alleges that the track foreman "directed him abruptly and peremptorily to use the old spike, and drive it in at once, as they had to get the track ready immediately for the fast train No. 16 to pass over; . . and that, being thus ordered abruptly to use the old spike, and knowing that if he refused to do so he would lose his job, and not having time to reflect," he undertook to perform the services, and that injury resulted. Thus, with knowedge equal if not superior to that of defendant, he could not be relieved of his legal duty because the order was abrupt and peremptory, or because of a fear of losing his employment, or because he did not have time to reflect upon the matter. Precisely that thing happened which the plaintiff anticipated. In some respects the petition in the case of *Emanuel* v. *Georgia & Florida Ry. Co.*, 142 *Ga.* supra, is similar to the petition in the present case. In the former case, however, the element of knowledge on the part of the servant was denied. In the decision of that case will be found an interesting discussion of the basis of the doctrine of assumption of risks by an employee, and of various cases in which the doctrine has been applied.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the result, but not in all that is stated in the opinion.