14874. WILSON v. SOUTHERN BELL TELEPHONE & TELEGRAPH
COMPANY et al.

STEPHENS, J. 1. A telephone company which maintains a telephone system and furnishes service to the public, and in the operation of its system furnishes to a hotel a switchboard, together with plugs and other accompanying appliances, used in making telephonic connections between the various telephone stations in the rooms of the hotel and the outside public, and whose duty it is to maintain a switchboard and accompanying appliances and to keep them in working order, is, for a breach of such duty, liable in damages to an employee of the hotel, lawfully operating the switchboard, who is injured as the proximate result of a breach of such duty in failing to keep certain of the appliances relating to the switchboard in repair.

2. The relation between the proprietor of the hotel and the switchboard operator employed by him is that of master and servant, and the employer, as such master, is under a duty to the operator to maintain the switchboard and its accompanying appliances in a reasonably safe condition for the purpose of being operated with ordinary care and diligence. For a breach of such duty the hotel employer is liable for any injury sustained by the operator while in the performance of her duties in operating the switchboard, proximately resulting from a defective condition in any of the accompanying appliances of the switchboard used by her in the discharge of her duties, where the defective condition was known to the employer but not known to the operator, and could not by due care have been discovered by her, and her means of discovering it were not equal to those of the employer. Civil Code (1910), § 3131; *Atlantic & B. R. Co.* v. *Reynolds*, 117 *Ga.* 47 (43 S. E. 456); *Foster* v. *Walker Roofing Co.*, 139 *Ga.* 431 (77 S. E. 581).

3. A failure upon the part of either the telephone company or the hotel proprietor to remedy the defect after notice of a defective condition in the switchboard, which caused an injury to the operator, authorizes an inference of negligence upon the part of the telephone company or the hotel proprietor as the case may be.

4. Where the operator, in operating the switchboard, becomes so engrossed in her duties by reason of "hundreds of calls [pouring] in every minute," and relies upon the assurances of the telephone company and the hotel proprietor that the switchboard and its appliances are safe for her to operate, and, in performing her duties, she is injured by a piece of brass, which has become loose on one of the plugs, sticking into her finger as she inserts the plug into a hole in the switchboard, which it is necessary to do in order to make the connection, and which plug she has reached for and selected from about twenty or twenty-four plugs before inserting it into the hole, and where she has no knowledge that the plug which she picked up and which caused the injury is defective, it cannot be determined as a matter of law that she could by the exercise of due care have discovered the defective condition of the plug causing the injury, or that she had equal means with the master of discovering the defective condition, but it is inferable that she had no opportunity, by the exercise of due care, to discover the defective condition

causing the injury, and that she did not have equal means with the hotel proprietor of discovering the defective condition. It is therefore inferable that her injury was not caused by her own negligence.

5. Applying the above rulings in a suit by the operator against the telephone company and the hotel proprietor to recover for injuries thus sustained, the plaintiff's petition set out a cause of action, and was improperly dismissed upon general demurrers as to both defendants.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED OCTOBER 4, 1924.

Action for damages; from Fulton superior court—Judge Humphries. May 8, 1923.

*Walter A. Sims, J. E. Berman,* for plaintiff.

*McDaniel & Neely, H. L. Greene,* for defendants.