## 16581.  BARROW COUNTY COTTON MILLS *v.* BURTON.

STEPHENS, J.  Where the roof of a porch is constructed in such a manner that it is open and exposed to view, with no boxing to conceal the rafters, a rotten condition of the roof is known to a servant who is directed by the master to go upon the roof and cut out a rotten portion thereof and make repairs.  Although the master may have ordered the servant to go to a particular place upon the roof to remove the rotten portion, and may have assured the servant that that particular place was a safe place for the servant to work, the dangerous condition of the place was actually known to the servant.  The servant, therefore, can not recover from the master for an injury sustained by the servant while in the performance of the work as a result of the servant's stepping into a rotten place in the roof.  *Hightower* v. *Southern Ry. Co.*, 146 *Ga.* 279 (91 S. E. 52, L. R. A. 1917C, 481); *Southern Ry. Co.* v. *Taylor*, 137 *Ga.* 704 (73 S. E. 1055); *Niblett* v. *LaGrange Mills*, 18 *Ga. App.* 173 (88 S. E. 1009).

*Judgment reversed.  Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1926.  REHEARING DENIED FEBRUARY 27, 1926.

Damages; from Barrow superior court—Judge Stark.  April 30, 1925.

This is an action for damages for personal injuries alleged to have been received by the plaintiff while a servant of the defendant, engaged in doing general repair work as a carpenter on the mill buildings belongings to the defendant.

The petition alleges that the plaintiff was ordered to repair the roof of the porch of a certain building, that he was directed to go to a particular place upon the roof and to saw the roof in two in order that the same might be repaired, that while engaged in sawing the roof the part thereof on which the plaintiff was standing gave way, throwing his right leg through the hole which was formed when the roof gave way, and that the plaintiff received severe injuries.  The petition further alleges that the roof on which the plaintiff was working was, at the spot where the roof gave way, rotten, decayed, and insufficient to bear the weight of the plaintiff, and that the decayed condition of the roof was unknown to the plaintiff but was well known to the defendant.

The plaintiff testified as follows:  "I was working for the Barrow County Cotton Mills; I was general utility man; as general utility man I had to do the general repairing. . . Mr. Lewis Lanthier was my boss man, gave me orders. . . Mr. Lanthier directed me to do something to the roof; he told me to cut into

---

Master and Servant, 39. C. J. p. 798, n. 41; p. 799, n. 47.

that roof and repair it. . . I knew nothing about the condition of the roof; Mr. Lanthier gave me directions as to where I should stand while I was doing the work, he pointed out where for me to cut in into . . at the point where he pointed out to me I could see no weakness in the roof. . . I started to work at the place indicated and pointed out to me by Mr. Lanthier; I sawed down some three or four feet to the place where it gave way; I went to turn around there and my right foot went through; the whole roof did not fall in; just this point gave way. . . The rafters run back toward the mill; . . there is no boxing to conceal them, open and exposed to view. . . He was sending me up there to cut the roof in two and take out the rotten part. . . The rafters looked sound. . . I was standing at a point where I could see through; I could see that the sheeting was rotten in the corner. . . I had knowledge that the roof was rotten in the extreme corner; I didn't know whether the timbers were sound or rotten that I was standing on."

The jury returned a verdict in favor of the plaintiff for $1500. The defendant's motion for a new trial was overruled, and the movant excepted.

*G. A. Johns,* for plaintiff in error.  *R. B. Russell Jr.,* contra.

### ON MOTION FOR REHEARING.

STEPHENS, J.  A dangerous condition of a roof is known to a servant who is directed by the master to go upon the roof to cut out a rotten portion thereof and make repairs. The servant, in going upon the roof with such knowledge, assumes the risk incident to its rotten condition and is therefore not relieved from that assumption by the order of the master or the master's assurance of safety.

In this case, although the master may have ordered the servant to go to a particular place upon the roof to remove the rotten portion and may have assured him that that particular place was a safe place for him to work, the dangerous condition of the roof was nevertheless known to the servant. The servant therefore assumed the risk incident to the rotten condition of the roof, and by the exercise of ordinary care could have discovered the dangerous and rotten condition of the particular place where he was ordered to work and which the master assured him was safe. He therefore can not recover from the master for an injury sustained by him

in the performance of the work, resulting from stepping into a rotten place in the roof.                    *Rehearing denied.*