33048. LIBERTY MUTUAL INS. Co. *et al. v.* FRICKS *et al.*

SUTTON, C. J. Ira W. Curry, sponsor of the Atlanta National Home Show held at Lakewood Park during April 16-24, inclusive, 1949, purchased, at some time prior thereto, three prefabricated houses from the Knox Corporation, the manufacturer, at a discount. These houses were given away at the home show by Curry in order to attract the public to the exhibition. R. E. Lindsey, the newly authorized dealer for the Knox Corporation in the Atlanta area, exercised general supervision of the erection of the houses at the exhibition, under an arrangement with Curry, whose obligation it was to get the houses erected, if erected at all, whereby the actual cost of all labor and materials was borne by Curry. Lindsey was inexperienced in such work, and the Knox Corporation furnished one of its employees who was skilled in the erection of these houses, to act as a technical adviser and to exercise technical supervision over the work, free of charge, as was its custom where inexperienced dealers or contractors were assembling houses

which it had manufactured, in order that the houses might be properly erected. About fourteen·workmen were employed by Lindsey, and these workmen were paid by Curry. The houses were located and erected at the exhibition as directed by Curry or his agent. The Knox Corporation, as the manufacturer of the houses, and Lindsey, as the dealer, received the benefit of free advertising in connection with the houses. Prior to the show, on April 6, 1949, during the course of the erection of the houses, W. C. Fricks, one of the workmen employed by Lindsey, was injured, when a panel of one of the houses fell or was blown over, and as a result he was totally disabled. He filed a claim for workmen's compensation against Curry and Lindsey, at first, and later amended his claim so as to include the Knox Corporation. A hearing director of the State Board of Workmen's Compensation, after a series of hearings at which the above evidence was adduced, determined that the Knox Corporation was the employer of Fricks within the provisions of the Workmen's Compensation Law, and eliminated Curry and Lindsey as employers, and made an award accordingly. Thereafter, on appeal, the full board and a judge of the superior court affirmed the award, and the Knox Corporation and its insurer excepted. *Held:*

It clearly appears from the evidence that the erection of the houses was not the undertaking of the Knox Corporation, and that the only interest that this corporation had in such an undertaking was to furnish free technical advice or supervision, as distinguished from actual control, so that the houses exhibited as its product, to be given away by Curry, would be properly erected. Under the evidence and the law applicable thereto a finding that an employer-employee relationship as contemplated under the provisions of the Workmen's Compensation Law as between the Knox Corporation and Fricks was not authorized. There are no circumstances under which the authority, direction, and control over the claimant, an employee hired by another, could be imputed to the Knox Corporation, so as to make it the employer under the Workmen's Compensation law. The judge of the superior court erred in affirming the award, and inasmuch as the award was based on an erroneous conclusion as to the liability of the Knox Corporation, the entire findings and award are set aside, so as not to preclude the claim of Fricks against Curry or Lindsey, or both, and for further proceedings not inconsistent with this opinion. Code, §§ 114-101, 114-112, 114-710.

*Judgment reversed. Felton and Worrill, JJ., concur.*

DECIDED MAY 19, 1950. REHEARING DENIED JUNE 7, 1950.

*Neely, Marshall & Greene,* for plaintiffs in error.

*Paul F. Lindsey Jr., T. Elton Drake, Douglas, Evans & Cole,* contra.