33543.   FRICKS *v.* KNOX  CORPORATION.

DECIDED MAY 23, 1951.

8

*Louis M. Tatham, J. Richmond Garland,* for plaintiff.

*Neely, Marshall & Greene, Ferdinand Buckley,* for defendant.

GARDNER, J. The petition, as amended, sets out that the employee of the defendant Stover was furnished to the employer of the plaintiff Lindsey, the person erecting these houses and furnishing the labor and material for their erection, for the purpose of acting as a technical expert and advisor in the erection of such prefabricated houses, and that this employee of the defendant, at the time the plaintiff was hurt, was directing the plaintiff and other workmen of Lindsey how to erect the prefabricated parts going to make up a prefabricated house, and the plaintiff charges that in so doing, this employee of the defendant directed these men, including the plaintiff, to stand upon its end a large flat part or panel, some 12 feet high by 18 feet long, and only a few inches thick, which weighed approximately 900 pounds, and which presented a large flat surface to the wind, and which was unstable and would not stand by itself, that is, without being properly braced, and that this

panel was top-heavy and therefore unstable and when exposed to a slight wind pressure, toppled over and suddenly fell upon the plaintiff, injuring him, and that this employee of the defendant was negligent in "standing the panel up on its end and attempting to erect it without braces or other supports," "in directing the workmen to stand the panel up on its end and erect it without braces or other supports," and "in instructing the workmen to stand the large, heavy and top-heavy panel up on its end and hold it in place with their own strength."

In order for the defendant to be liable in this case it is necessary that it appear from the allegations of the petition as amended not only that, at the time the plaintiff was injured, Stover, the technical expert furnished by the defendant to plaintiff's employer, engaged in furnishing the labor and material and erecting said houses, was acting as such technical expert and advisor as an employee and servant of the defendant but that he was acting within the scope of his employment at the time he directed the plaintiff and other workmen to raise the panel, without having the same braced, supported, or otherwise secured to prevent its toppling over. Conceding that it appears from the plaintiff's petition, as amended, that Stover was an employee of the defendant in giving technical advice as to the erection of this structure, it is not alleged that it was necessary in the giving of such technical advice to direct the workmen, including the plaintiff, to raise this panel, that is, it does not appear that the raising of this panel constituted a part of the technical advice proper and necessary to be given by this expert. It is true that the petition alleges that Stover was acting within the scope of his employment at the time but properly and fairly construing the allegations of the petition, as amended, it appears that this was not a type of work in the erection of this house which required technical advice but that it consisted in common labor in raising a heavy panel, which was patently top-heavy, and was obviously dangerous and likely to topple over where it was not securely braced and supported. It does not appear from the petition that the plaintiff did not know, but on the contrary properly construed it appears that the plaintiff did know this, or by the exercise of proper care ought to have known thereof.

It also appears that this obvious danger was just as apparent to the plaintiff as it was to Stover. That this panel would be likely to topple over, if it was raised and attempted to be placed or set without supports and braces, as Stover directed the workmen to do, was a matter that was known to all men who could see the same, and particularly to those engaged in erecting houses. The plaintiff was bound to take notice of the ordinary and familiar laws of nature to which his work related, and that a wide panel, 12 feet by 18 feet, weighing 900 pounds, and only a few inches thick, was top-heavy and if raised and sought to be placed or set in place without secure braces and supports, would very likely topple over and fall. This was apparent to any adult person, and is but an application of the laws of nature to a plain and open fact. The plaintiff could see that this was dangerous and that he would likely be injured if he undertook to raise this panel, under the circumstances, just as well as the defendant's employee could. If the defendant's employee was negligent, then this negligence was known to the plaintiff, or should have been by the exercise of due care. The plaintiff clearly failed to exercise good judgment when he obeyed the direction of Stover to raise and set this panel. It, therefore, appears affirmatively from the petition, as amended, that the plaintiff was injured, as a result of his own failure to exercise ordinary care, when Stover's negligence was clearly apparent to him. A person cannot undertake to do an obviously dangerous thing, even though directed by another, under whom he is working, to do so, without assuming the risks incident thereto, and without himself being guilty of such a lack of due care for his own safety as to bar him from recovery if he is injured in carrying out such directions. See, generally, *Worlds* v. *Ga. R. Co.*, 99 *Ga.* 283 (25 S. E. 646); *Roberts* v. *Ethridge*, 73 *Ga. App.* 400 (36 S. E. 2d; 883); *Holman* v. *American Automobile Ins. Co.*, 201 *Ga.* 454, 460 (39 S. E. 2d, 850). "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." Code § 105-603. Where the danger is apparent, or is reasonably to be apprehended, the rule requiring the plaintiff to avoid the consequences of the defendant's negligence applies. *Collins* v. *Augusta, Aiken &c. Corp.*, 13 *Ga. App.* 124(2) (78 S. E. 944).

There is nothing in the case of *Bibb Mfg. Co.* v. *Souther*, 52 *Ga. App.* 722 (184 S. E. 421), and similar cases to the contrary of what we are ruling here. It is not necessary, in the view which we take of this case, to determine whether Stover was the employee of the defendant at the time he directed the plaintiff to raise this panel, and whether, if he was, he acted within the scope of his employment in doing so, that is, whether this was a part of the technical advice to be given by him to the workmen on behalf of the defendant. See also *Albert* v. *Hudson*, 49 *Ga. App.* 636 (176 S. E. 659); Restatement of the Law of Agency, Vol. 1, page 501. The plaintiff was injured as a result of his own failure to exercise due care for his own protection and safety when Stover told him to do a palpably dangerous thing, the danger being just as apparent to the plaintiff as it was to Stover.

The petition, as amended, in our opinion admits of no other reasonable construction, and the rule that such questions are ordinarily for the jury is not applicable here, but the case is one of those plain and unmistakable cases, excepted from the general rule.

The plaintiff sought compensation for this injury, setting up that the Knox Corporation was liable as an employer and that he was injured within the scope of his employment and that the injury arose out of the same. This court held that he was not an employee of the defendant and reversed both the trial court and the director of the Workmen's Compensation Commission holding to the contrary and awarding compensation to the plaintiff. See *Liberty Mutual Ins. Co.* v. *Fricks*, 81 *Ga. App.* 727 (59 S. E. 2d, 671). This decision is not material here.

Applying the foregoing, the petition, as amended, did not set out a cause of action against the defendant, Knox Corporation, for the alleged negligent acts of Stover, and the trial court did not err in dismissing the same on general demurrer.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*