35148. FIELDS *et al. v.* ALTMAN.

Decided May 13, 1954.

*W. C. Hodges*, for plaintiff in error.

*Mark Dunahoo*, contra.

GARDNER, P. J. The only issue presented to this court is whether the allegations of the petition are sufficient to allege gross negligence against the defendants. The petition shows that the plaintiff was a guest of the defendants in the car operated by the defendants.

Ordinarily, questions of negligence, gross negligence, contributory negligence, whose negligence was the proximate cause of an injury, and related questions are for the jury alone, and the courts will decline to solve such questions on demurrer or by a decision on the general grounds of the motion for a new trial except in plain, palpable, and indisputable cases. *Alford* v. *Zeigler*, 65 *Ga. App.* 294, 300 (16 S. E. 2d 69); *Cox* v. *Norris*, 70 *Ga. App.* 580 (3) (28 S. E. 2d 888); *DeGolian* v. *Faulkner*, 74 *Ga. App.* 866 (41 S. E. 2d 661); *Louisville &c. R. Co.* v. *Patterson*, 75 *Ga. App.* 1, 4 (42 S. E. 2d 163).

The defendants call our attention to and rely on *Williams* v. *Owens*, 85 *Ga. App.* 549 (69 S. E. 2d 787), and *Brown* v. *Binns*, 87 *Ga. App.* 485 (74 S. E. 2d 370). By referring to the petition in the instant case it will clearly appear that the facts here are

entirely different from those in the cases relied upon by the defendants. We particularly call attention to a portion of paragraph 6 which reads as follows: *"When said Cheatham E. Fields stopped said automobile he got out of same to open said gate, and immediately upon opening same he called back to the defendant, Mrs. Cheatham E. Fields his wife, to drive through; that she got under the steering wheel, the engine was still running, and placed it in first gear and mashed the accelerator to the floor board of said automobile, causing said automobile to lunge forward and after passing through the gate, instead of following the driveway by turning to the left she drove said automobile straight forward into an oak tree.* That she was drunk or intoxicated at the time, and held the accelerator to the floor board until the automobile struck the tree aforesaid and was traveling at 40 miles per hour, demolishing the automobile in which they were riding. When she got under the steering wheel, petitioner asked her not to drive as she was too drunk, but to let him drive same. Instead of so doing she immediately mashed the accelerator to the floor board and drove off, before petitioner could get out of said automobile." (Italics ours.)

It further appears that the allegations in the instant case show that Cheatham E. Fields had been driving the car when he stopped it to open the gate. He left the motor running. At the time he left the motor running and got out, he knew that his wife, Mrs. Cheatham E. Fields, was drunk to such an extent that she could not safely operate the car. She moved over from the middle of the seat to a position under the steering wheel and immediately plunged the car into a speed of 40 miles per hour *before the plaintiff had time to get out of the car.*

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*