## Brehm v. Johnstown Sanitary Dairy Co.

*Frank P. Barnhart*, for plaintiff.
*Harkins & Wharton*, for defendant.

GRIFFITH, J., February 28, 1955.—The complaint in this case averred that plaintiff was struck by a truck which was backing out of defendant's garage after it had first driven up the ramp leading into the garage, that the driver of the truck was "defendant's driver" and "defendant's agent". There was no averment that

the truck belonged to defendant, that defendant's name appeared on the truck or that defendant's "driver" and "agent" was acting in the course of his employment. There was no averment that the negligent acts which caused plaintiff's injuries were committed by defendant, but only that they were committed by defendant's "agent" or "driver".

Defendant's contention is that the complaint does not sufficiently aver that the acts of defendant's servant were within the scope of his employment. With this contention we agree.

"Ordinarily . . . the allegations . . . must show that the act . . . was within the scope of the servant's employment . . .": 57 C. J. S. 387, §614.

In 7 Labatt's Master and Servant, 2nd Edition, 7767, we find the following:

"If it is not directly alleged that the defendant personally or by his servants (and there is no such allegation here) committed the tortious acts, and these are alleged only as acts of the servants, the pleading must so connect the master with those acts that it may be seen from the averments that he is liable because the servant represented him in the doing of the wrong; it cannot be held that a defendant is responsible for a wrong simply because it was committed by one who, at the time, was his servant, or without a sufficient showing that the servant was acting within the scope of his employment."

For example, in the case of Fricks v. Knox Corporation, 84 Ga. App. 5, 65 S. E. 2d 423, the court said:

"In order for the defendant to be liable in this case it is necessary that it appear from the allegations of the petition (complaint) . . . not only that, . . . Stover . . . was acting as . . . a servant of the defendant but that he was acting within the scope of his employment at the time he directed the plaintiff . . . to raise the panel, without having the same braced . . .".

We are satisfied that the complaint fails to contain

a sufficient averment that the acts of defendant's driver were within the scope of his employment. Consequently the original complaint was demurrable. After the statute of limitations had run, plaintiff obtained a rule to show cause why she should not be permitted to amend the complaint by adding an averment that defendant's driver was acting in the course of his employment at the time of the accident. Subsequently, defendant moved for judgment on the pleadings and filed an answer opposing the amendment desired by plaintiff on the ground that the proposed amendment would introduce a new cause of action after the statute of limitations had run.

We believe the amendment should be allowed.

It is clear that a plaintiff may not amend to introduce a new cause of action after the period of limitation had expired. The question, therefore, is whether the desired amendment would introduce a new cause of action. In Mussolino v. Coxe Bros. & Company, Inc., 357 Pa. 10, 15, it was said that:

" ' "The tests to be applied when the question presented is whether an amended statement presents a new and different cause of action are, would a judgment bar any further action on either, does the same measure of damages support both, is the same defense open in each, and is the same measure of proof required?" ' "

All of these questions must be answered affirmatively in the present case. The phrase "cause of action" in a trespass case means " 'The negligent act or acts which occasioned the injury' ": Cox v. Wilkes-Barre Ry. Corp., 334 Pa. 568; Hamilton v. Freedom-Valvoline Oil Co., 100 Pitts. L. J. 354. The amendment presently sought does not seek to change the allegations regarding the time of the accident, the place it occurred, the identity of the individual who is alleged to be responsible or the instrumentality involved. It merely adds an averment that the individual who is

responsible for plaintiff's injuries was acting within the scope of his employment.

In Rooney v. Maczko, 315 Pa. 113, 117, the court quoted from the opinion of Mr. Justice Holmes in New York Central & Hudson River R. R. Company v. Kinney, 260 U. S. 340, 346, as follows:

" 'When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule (allowing amendments to plaintiff's statement) should be applied.' "

Certainly in this case defendant had notice from the date of the filing of the original complaint that plaintiff was trying to enforce a claim against it because of "specified conduct". Of course, if a substantially different act of negligence had been alleged by the amendment it would have introduced a new cause of action. Merely to aver that one who is described as defendant's agent and driver in the original complaint was acting within the scope of his employment does not, we believe, ". . . set up a different kind of negligence or a new cause of action than that originally alleged . . .": Downes v. Hodin, 377 Pa. 208, 215, where it was said to be permissible to plead facts after the running of the statute of limitations to show the owner's possession or lack of possession of the ground floor of certain premises on the sidewalk in front of which plaintiff had slipped on an accumulation of ice.

We are satisfied that the amendment desired by plaintiff may be allowed without introducing a new cause of action and, therefore, enter the following

### Decree

And now, February 28, 1955, after argument, and upon due consideration, it is hereby ordered and decreed that the rule heretofore granted to plaintiff for

leave to amend her complaint be made absolute and said amendment allowed and that defendant's motion for judgment on the pleadings be dismissed. Defendant to be given 20 days from service of notice of this decree within which to file an answer to plaintiff's complaint as amended if so desired.