19439. ANDERSON *v.* ATLANTA NEWSPAPERS, INCORPORATED, *et al.*

WYATT, Presiding Justice. Plaintiff in error brought suit against Atlanta Newspapers, Inc., and Jessie Colzie, doing business as Colzie Realty Company. It was alleged, among other things, that on October 30, 1955, Atlanta Newspapers, Inc., published an advertisement in the combined edition of its papers on behalf of Colzie Realty Company in which there was offered for sale to Colored persons a number of properties, among them a house and lot known as 751 Bolton Road, N. W., Atlanta, Georgia; that the plaintiff in error owned said property in fee simple, and had not authorized anyone to sell her property, but that the defendants had entered into a conspiracy to force her to sell her home to persons of the Negro race and to destroy racial segregation in Atlanta, Fulton County, and Georgia. She alleged that, because of said advertisement, her property was reduced in value to the extent of $6,000, and she suffered humiliation, mortification, and ridicule. The petitioner prayed for compensatory and punitive damages and for temporary and permanent injunction restraining both defendants from again advertising her home for sale to Colored people or "anybody else." The defendants filed general and special demurrers to the petition as twice amended. After a hearing, the general demurrers of the defendant Atlanta Newspapers, Inc., were sustained and the petition was dismissed as to it. The demurrers of the defendant Colzie Realty Company were not passed upon. The exception here is to the sustaining of the general demurrer of Atlanta Newspapers, Inc. *Held:*

1. The petition in the instant case is a long and rambling document, which contains numerous allegations having no apparent relationship to the cause of action sought to be recovered upon. It would serve no useful purpose to here set out the allegations of this petition. It is sufficient to say that it fails entirely to allege sufficiently any injury to the petitioner which resulted from the actions of the defendant Atlanta Newspapers, Inc. (The allegations as to injury and damages are purely and simply conclusions of the pleader without any semblance of facts to support them.) She only alleges that she was humiliated, mortified, and ridiculed by her neighbors, and that her property was damaged in the amount of $6,000. No facts are alleged to show how these injuries were caused by the defendant Atlanta Newspapers, Inc. It is well settled that, when one is suing for damage to property, there can be no recovery on account of mental anguish not accompanied by damage to property. See *Hendricks* v. *Jones,* 28 *Ga. App.* 335, 336 (111 S. E. 81). Likewise, it must be shown, before recovery may be had for humiliation, that the facts and circumstances were such as would likely humiliate and insult any person in like

circumstances. *Georgia Ry. &c. Co.* v. *Baker,* 1 *Ga. App.* 832 (58 S. E. 88). None of these requirements is met by the petition before us.

2. The petition does not set out any grounds for injunctive relief because it does not show any present injury or such action by the defendant newspaper company as would result in injury. See *Wallace* v. *City of Atlanta,* 200 *Ga.* 749 (38 S. E. 2d 596). The petition simply alleges that, unless enjoined, "said ad may be repeated not only on Nov. 7, 1955, but on future dates." It is nowhere alleged that the newspaper company has even threatened or planned to publish again said advertisement, or any fact from which the plaintiff could reasonably apprehend that the defendant newspaper might do any act which would result in injury to the plaintiff or her property. Therefore, the petition fails completely to set out a cause of action for any of the relief sought. It follows, it was not error to sustain the general demurrer of the defendant newspaper company and dismiss the petition as to it.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 11, 1956—DECIDED DECEMBER 5, 1956—REHEARING DENIED DECEMBER 18, 1956.

*William A. Thomas,* for plaintiff in error.
*Arnold & Gambrell, John E. Dougherty, A. G. Smith,* contra.