37047. MOZLEY *v.* BEERS CONSTRUCTION COMPANY.

DECIDED FEBRUARY 21, 1958.

220

*Margaret H. Fairleigh, Poole, Pearce & Hall,* for plaintiff in error.

*Bryan, Carter, Ansley & Smith, W. Colquitt Carter,* contra.

QUILLIAN, Judge. 1. The petition shows that: the plaintiff was supervising some plumbing work on the building in question; in order to obtain a better perspective of the site where the work was done he took several steps backwards and stopped to observe the work; then after observing the site he took several more steps backwards to get a better view, and stopped again; he had backed away from the scaffolding 8 or 10 feet before stopping the second time; after stopping and sighting the pipe the second time he took another step or two backward and fell into the unguarded stairwell shaft; the defendant negligently failed to provide a guardrail or cover for the open shaft as required by the building code of Atlanta.

The petition alleged facts sufficient to present a jury question as to whether under the circumstances the plaintiff was negligent in failing to look behind him and whether his negligence amounted to a failure to exercise ordinary care for his own safety.

If it is decided that the plaintiff was negligent, the question then arises as to whether his negligence exceeded that of the defendant and as to whether the plaintiff in the exercise of ordinary care could have avoided the defendant's alleged negligence after it was or should have been discovered.

Except in plain and indisputable cases, the questions as to negligence and contributory negligence are for the jury, and where the allegations of the petition do not, even when construed most strongly against the pleader, demand a conclusion that the plaintiff's own negligence so preponderated as to preclude recovery, this issue should be left for the jury. *Shattles* v. *Blanch-*

*ard,* 87 *Ga. App.* 15 (2) (73 S. E. 2d 112) ; *Brown* v. *Binns,* 87 *Ga. App.* 485 (74 S. E. 2d 370) ; *Fields* v. *Altman,* 90 *Ga. App.* 168 (82 S. E. 2d 29) ; *Bazemore* v. *MacDougald Construction Co.,* 85 *Ga. App.* 107 (1b) (68 S. E. 2d 163).

In reaching the conclusion, not without difficulty, that the pleadings made an issue as to whether the plaintiff was in the exercise of ordinary care for his own safety and employed the same degree of care to avoid the negligence of the defendant, we have given consideration to the allegation that the provision of the city code having the force of an ordinance required the defendant to keep the open shaft closed, and the plaintiff had a right to rely upon the defendants obeying the mandate of the law.

We have also considered the alleged circumstance that the defendant was necessarily aware that workmen often find it necessary to step backward in order to perform the duties of their employment.

The judge erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Felton, C.J., and Nichols, J., concur.*