37184.   LENKEIT *v.* CHANDLER.

DECIDED JUNE 23, 1958.

*Woodrow Tucker, Glyndon C. Pruitt,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

QUILLIAN, Judge. The owner of land is liable to invitees for injuries which they sustain as a result of his failure to warn them of dangers or defects in the property of which he knew or in the exercise of reasonable care should have known. *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (6) (167 S. E. 119); *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (179 S. E. 415); Code § 105-401. Under the allegations of the petition the plaintiff occupied the status of an invitee at the time she sustained the injuries. *Hickman* v. *Toole,* 31 *Ga. App.* 230 (1) (120 S. E. 438); *Crossgrove* v. *A. C. L. R. Co.,* 30 *Ga. App.* 462 (1) (118 S. E. 694); *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607, 611 (58 S. E. 1060). The petition alleged that the defendant was negligent in "permitting" the board to be placed in its dangerous position and in failing to warn the plaintiff thereof. Under the ruling in *Colonial Stores Inc.* v. *Scholz,* 73 *Ga. App.* 268 (36 S. E. 2d 189) this allegation was tantamount to an averment that the defendant had actual knowledge of the defective condition of the premises. Applying the authorities cited in the above opinion the petition set forth a cause of action and the judge erred in sustaining the general demurrer.

It being alleged that the defendant had actual knowledge of the defect which was not detectable by the plaintiff, the petition set forth a cause of action even if the plaintiff had been a licensee rather than an invitee. *Cook* v. *Southern Ry. Co.,* 53 *Ga. App.* 723 (187 S. E. 274); *Bowers* v. *Texas Co.,* 65 *Ga. App.* 874, 876 (16 S. E. 2d 765).

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*