## 37834. BRAUN *v.* WRIGHT.

QUILLIAN, Judge. 1. Where the owner of premises employs a general contractor to construct a dwelling house upon the same, and places the general contractor in possession and control of the premises, a subcontractor whom the general contractor employs to do certain work connected with the construction of the building, is an invitee of the general contractor to whom the latter owes the duty of ordinary care. *Fulton Ice & Coal Co.* v. *Pece*, 29 *Ga. App.* 507 (116 S. E. 57); *Mozley* v. *Beers Const. Co.*, 97 *Ga. App.* 217 (102 S. E. 2d 645).

2. Code § 105-201 defines ordinary diligence: "In general, ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Applied to preservation of property, ordinary diligence means that care which every prudent man takes of his own property of a similar nature. The absence of such diligence is termed ordinary negligence." In *Rogers* v. *Atlanta Enterprises*, 89 *Ga. App.* 903, 906 (81 S. E. 2d 721) is the pronouncement: "The duty of ordinary care that a patron

owes to his invitees is the same duty of ordinary care in keeping the premises safe which a master owes to his servant. *Elrod* v. *Ogles,* 78 *Ga. App.* 376 (50 S. E. 2d 791). In either case, two elements must exist in order to merit recovery—fault on the part of the owner, and ignorance of the danger on the part of the invitee." Accordingly, the duty which the general contractor, in the circumstances related, owes the subcontractor is to exercise the care of an ordinarily prudent person to prevent him being exposed to a hazard or hazards other than those that ordinarily attend a person's presence on premises where a dwelling house is being built. Ditches are customarily opened near a dwelling house in the process of construction to accommodate water pipes, sewer lines, gas pipes, and for similar purposes, and do not constitute unusual hazards. *Baxley* v. *Williams Const. Co.,* 98 *Ga. App.* 662, 670, 672 (106 S. E. 2d 799); *Nechtman* v. *B. Thorpe & Co.,* 99 *Ga. App.* 626 (109 S. E. 2d 633). The same is true of planks loosely or insecurely placed across the ditches for the use of workmen engaged in building. *Terry Shipbuilding Corp.* v. *Dubose,* 25 *Ga. App.* 158 (102 S. E. 844).

3. If the failure of the contractor to furnish lights to reveal such hazards, as are referred to in the preceding paragraph amounts to a failure on his part to exercise ordinary care to prevent injury to the subcontractor, the latter is equally negligent in going on and over the premises where it was to be reasonably expected perils and pitfalls incident to building activities exist and are concealed by the darkness. *Fricks* v. *Knox Corp.,* 84 *Ga. App.* 5, 10 (65 S. E. 2d 423); *Bridger* v. *Gresham,* 111 *Ga.* 814 (35 S. E. 677). In such circumstances one who chooses to walk in darkness does not exercise ordinary care for his own safety. *Mattox* v. *Atlanta Enterprises,* 91 *Ga. App.* 847, 849 (87 S. E. 2d 432); *Baxley* v. *Williams Const. Co.,* 98 *Ga. App.* 662, 670, supra; *Nechtman* v. *B. Thorpe & Co.,* 99 *Ga. App.* 626, supra; *Flournoy* v. *American Hat Mfg. Co.,* 21 *Ga. App.* 599 (94 S. E. 835); *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81); *Frierson* v. *Mutual Realty Co.,* 48 *Ga. App.* 839 (174 S. E. 144).

4. Where the petition discloses that the plaintiff went on premises which were shrouded in darkness and made no effort to ascertain whether certain planks were firmly anchored to the sides of a ditch over which they extended, and no facts are alleged to show that the insecurity of the planks would have been dis-

covered by an ordinarily prudent examination of the same, the allegation is a conclusion of the pleader. The rule that is here applicable is well stated in *Frierson* v. *Mutual Realty Co.*, 48 *Ga. App.* 839, supra. It is, if course, elementary that a cause of action cannot be supported by the allegation of a conclusion, not supported by the facts alleged. *Hendricks* v. *Jones*, 28 *Ga. App.* 335, supra; *Anderson* v. *Atlanta Newspapers*, 212 *Ga.* 776 (95 S. E. 2d 847); *Reese* v. *Southern Ry. Co.*, 35 *Ga. App.* 369 (1a) (133 S. E. 284).

5. The facts stated in the preceding headnotes are not similar and present an entirely different legal problem from the case of *Lenkeit* v. *Chandler*, 97 *Ga. App.* 769 (104 S. E. 2d 476) where "the defendant proceeded ahead of petitioner, walked up said board into the new addition or room and asked the plaintiff to follow her indicating that the board was safe." The opinion in the *Lenkeit* case made no reference to the plaintiff's case. The decision of the case turned on the sole question as to whether the allegations of the petition sufficiently alleged that the defendant knew or in the exercise of ordinary care ought to have known that the board she led the plaintiff to walk on, and indicated was safe for use, was in fact insecure and dangerous. Nor are the facts of the preceding headnotes similar to those of *Watts* v. *Colonial Stages Co.*, 45 *Ga. App.* 115 (163 S. E. 523) where a passenger was informed by the bus driver that a door opened into the bus station toilet, when the door led to the basement on a floor below and when the passenger passed through the door into the unlighted entrance of the basement he fell down certain concrete steps and was injured, nor like the facts of *Mozley* v. *Beers Const. Co.*, 97 *Ga. App.* 217, supra, where according to the averments of the petition, the plaintiff relied on the defendant complying with the law and fell through an open shaft which a valid ordinance of the City of Atlanta required the defendant to keep closed while the construction of the building was in progress. In the *Lenkeit* and *Watts* cases the plaintiff relied on assurance of the defendants that the premises were safe, and in the *Mozley* case he relied on the defendant's obedience to the law. Where even with such assurance had the circumstances been such that the defendant could not have failed to see the peril to which he was exposed, he would still not be entitled to recover. *Barrow County Cotton Mills* v. *Burton*, 35 *Ga. App.* 90 (132 S. E. 128).

6. The petition failed to allege actionable negligence on the part of the defendant and disclosed that the plaintiff was not in the exercise of ordinary care for his own safety. The judge did not err in sustaining the general demurrer.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*

DECIDED OCTOBER 2, 1959.

*D. W. Rolader,* for plaintiff in error.

*Smith, Kilpatrick, Cody, Rogers & McClatchey, E. P. Rogers, George B. Haley, Jr.,* contra.