## 38306. AYERS v. MOBLEY et al.

PER CURIAM.

The Court of Appeals transferred this case to this court by order on the ground that it was one "involving the revenues of the state" within the meaning of *Collins v. State,* 239 Ga. 400, 403 (3) (236 SE2d 759) (1977).

The relief originally sought was a declaration of rights and money damages, with injunctive relief ancillary thereto being sought and obtained to preserve the status quo pending final judgment. *Pace Construction Corp. v. Houdaille Industries,* 245 Ga. 696 (266 SE2d 504) (1980); *Baranan v. Ga. State Bd. of Nursing Home Admrs.,* 239 Ga. 122, 123 (236 SE2d 71) (1977). The injunctive and declaratory judgment features of the case became moot when the appellant failed to comply with the terms of the temporary order and the property was sold for delinquent taxes. Thereafter, the action remained as a claim for money judgment.

We have held that appeals from a local governing authority's assessment of ad valorem taxation which do not raise the constitutionality of a statute or ordinance or involve equitable or extraordinary remedies shall be within the jurisdiction of the Court of Appeals and shall not be transferred to this court under *Collins,* supra. *DeKalb County Assessors v. W. C. Harris & Co.,* 248 Ga. 277, 278 (282 SE2d 880) (1981). In the same vein, the present action seeking a money judgment against a county deputy sheriff and a county tax commissioner as a result of the sale of appellant's property to satisfy delinquent county ad valorem taxes is within the jurisdiction of the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED FEBRUARY 3, 1982.

*Marson G. Dunaway, Jr.,* for appellant.

*Wayne W. Gammon,* for appellees.