## 64171. AYERS v. MOBLEY et al.

McMURRAY, Presiding Judge.

In 1976 the tax commissioner of Polk County issued a number of fi. fas. for delinquent ad valorem taxes for the years 1972 through 1976. Among these fi. fas. were those for delinquent taxes of Eual Ayers. On October 11, 1976, J. A. Bryant, as deputy sheriff of Polk County, Georgia, received a considerable number of the tax fi. fas. for the purpose of levying upon property of the delinquent taxpayers and among these delinquent taxpayers was Ayers. Bryant later levied upon certain described property of Ayers.

Thereafter, on June 27, 1977, Ayers filed a petition in equity against Mobley and Bryant, as defendants, seeking to enjoin the sale of his property and for declaratory relief, including a declaration that certain statutes are unconstitutional. A temporary injunction was issued provided that the plaintiff Ayers tender or pay all outstanding tax fi. fas. for ad valorem taxes owed by him for all years prior to 1974, together with interest and penalties accrued, but if he failed to pay or tender same the sale might proceed for all outstanding ad valorem tax fi. fas. against him. Ayers did not pay the taxes up to 1974 and subsequently thereto the property levied upon was sold at public auction. The defendants failed to answer and on November 10, 1978, the plaintiff moved for judgment by default as to the declaratory judgment, permanent injunction and liability for damages and for trial on the issue of the amount of damages.

The defendants then moved to be allowed to open the default judgment with answer attached, and the same was thereafter granted.

The plaintiff amended his complaint seeking a money judgment jointly and individually against the defendants seeking actual and exemplary damages and attorney fees. The action came on for trial on

February 11, 1980, and at the close of evidence offered by the plaintiff, the trial court directed the jury to return a verdict for the defendants and entered a final judgment accordingly against the plaintiff. Plaintiff's motion for new trial as later amended was filed, heard and denied. Plaintiff appeals. *Held:*

1. This case was originally filed in the Court of Appeals but transferred to the Supreme Court by order. In *Ayers v. Mobley,* 248 Ga. 869 (287 SE2d 4), the Supreme Court held that the injunction and declaratory features of the case became moot when the plaintiff failed to comply with the terms of the temporary order and the property was sold for delinquent taxes and the action then remained as a claim for money judgment. That court also held that the action did not raise the constitutionality of a statute or involve equitable or extraordinary remedies within its jurisdiction, and the action remained one seeking a money judgment against the county deputy sheriff and the county tax commissioner as the result of the sale of plaintiff's property to satisfy delinquent county ad valorem taxes, hence the appeal was within the jurisdiction of this court. The case was returned to this court for review. See also in this connection *Butts County v. Briscoe,* 236 Ga. 233, 236 (6) (223 SE2d 199), holding that the taxpayers' rights having accrued, they are not entitled to injunctive or declaratory relief. We proceed to review based upon whether or not the trial court erred in directing the verdict against the plaintiff with reference to his action for damages.

2. Plaintiff first contends there was a conflict of evidence as to material questions of fact which would prevent the direction of the verdict against him. In support of same he argues that he was entitled to a declaration of his rights and that he was not given an adequate, speedy or efficient legal remedy to prevent the sale of the property and that he would be irreparably injured by the sale. But all of these issues have been removed from the case with the transfer of the case for review of the issue of damages alone to this court. Plaintiff also contends that it is basic law that it is error for the court to direct a verdict in the face of a conflict in material evidence unless the evidence introduced and all reasonable inferences therefrom demands a particular verdict, citing *Tift v. Gulf Oil Corp.,* 223 Ga. 83, 84 (2) (153 SE2d 702); *Security Life &c. Trust Co. v. Smith,* 220 Ga. 744, 747 (2) (141 SE2d 405); *Isom v. Schettino,* 129 Ga. App. 73, 74 (1) (199 SE2d 89). However, the defendants contend that the plaintiff had produced no evidence of damage to support any money judgment in his favor. That is, he had the burden of proof of showing a loss to him which he failed to do, citing *Big Builder, Inc. v. Evans,* 126 Ga. App. 457, 458 (191 SE2d 290); *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198); and *Smith v. Barfield,* 157 Ga. App. 231,

232-233 (2) (276 SE2d 899); *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512).

Plaintiff argues that the evidence showed the fi. fas. and levy were void in failing to show the necessary jurisdictional allegations to make them valid and because of discrimination against him where there was no program in effect to collect taxes against all other property owners. He again seeks to inject his right to declaratory relief but this is foreclosed as to him by *Ayers v. Mobley,* 248 Ga. 869, supra. With reference to the issue that the sale was void he no longer has the right to question same as this is an issue involving the buyer of the property, and the doctrine of caveat emptor applies. Other evidence submitted by him is that he read the advertisements for the sale of his property which made him feel bad and had a bad effect on his reputation. However, he submitted no evidence of accompanying personal or property damage even if the county officials were in any way responsible. See *Anderson v. Atlanta Newspapers,* 212 Ga. 776 (1) (95 SE2d 847). Absolutely no evidence has been shown which caused damage to plaintiff as the result of the performance of the officials acts of these officials. The trial court did not err in directing the verdict against him, nor in denying the motion for new trial based on the general grounds.

3. The trial court may open a default based upon any of three grounds, i.e., providential cause, excusable neglect, or where the court determines *from all the facts that a proper case has been made.* See *Houston v. Lowes of Savannah,* 235 Ga. 201 (219 SE2d 115), s.c. 136 Ga. App. 781, 782-785 (1) (222 SE2d 209); *Tippins Bank &c. Co. v. Atlantic Bank &c. Co.,* 151 Ga. App. 179, 180-181 (3) (259 SE2d 179); *Foster Co. v. Livingston,* 127 Ga. App. 317 (193 SE2d 626). There is no merit in the contention that the trial court erred in opening the default which was within the discretion of the trial court.

4. Plaintiff next contends the trial court erred in sustaining defendants' objection to certain testimony of a witness as to his statements on the radio which tended to show motive for discrimination against the plaintiff as a member of a citizens tax committee. The trial court denied same, contending this was not relevant to the issue here. Discrimination would be a question authorizing injunctive relief to prevent the sale of the property, but no grounds to show damage by reason of the sale of his property. There is no merit in this complaint. The trial court likewise for the same reason excluded an exhibit by the plaintiff which was a certified copy of the general execution docket showing the removal of another taxpayer's tax fi. fa. from that record as discrimination against him with reference to the removal, cancelled after the levy and sale of the property, whereas the plaintiff's was not. Again, special courtesy to

another taxpayer might be evidence of discrimination to authorize the enjoining of the sale, but does not show damage in any wise against the public officials in selling this plaintiff's property.

5. The trial court rejected certain of plaintiff's exhibits with reference to an alleged excessive levy because same was too remote in time and irrelevant to the issue of value as of the date of levy and sale of plaintiff's property. The assessed value of plaintiff's property in 1974 and 1975 is totally insufficient to show an excessive levy in 1977. There is no merit in this complaint.

6. The next complaint by plaintiff is that he should be compensated for time lost in attending to this litigation. Expenses of litigation are not generally allowed as part of damages. See Code § 20-1404. Plaintiff not being entitled to any actual damages was not entitled to recover for time lost as an expense of litigation. We find no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 8, 1982 —
REHEARING DENIED JULY 26, 1982.

*Marson G. Dunaway, Jr.,* for appellant.
*Wayne W. Gammon, Sara N. Langland,* for appellee.