## 53998. THE STATE v. JACKSON.

BELL, Chief Judge.

The accusation in this case alleged: ". . . did defile the flag of the United States by displaying in a shop window located at 799 Hunter Street, N. W., in said State and County a photograph entitled 'A Bicentennial Salute' which showed a partially nude male touching a flag of the

United States on the rectum area of his nude buttock, . . ." in violation of Code § 26-2803.

The defendant demurred on the grounds (1) that the accusation does not allege an offense; (2) that the charge does not sufficiently inform defendant of the nature of the offense; and (3) that Code § 26-2803 was unconstitutional. The trial court sustained the demurrer on the basis that "The statute is silent as to photographs and the court has concluded that the statute as written does not cover photographs of Flags." The court specifically did not rule on the constitutionality of the statute. *Held:*

The accusation very plainly states the nature of the offense in the terms and language of the Code and is capable of being easily understood by a jury. See Code § 27-701. The question is whether a photograph of a flag falls within the prohibition of the statute. The defendant argues that the Georgia statute must be given a strict construction and that the statute requires that a violation only occurs when an actual flag and not a photograph is the subject of the defiling. The statute does not define the word defile but it is an ordinary one and must be given its ordinary signification. Code § 102-102. Defile is defined by Webster as to sully, to tarnish, to dishonor. Certainly deliberately inserting our national ensign into the anal area of the human anatomy falls within the definition of the term defile and violates the statute. This defiling may be perpetrated by means of a photograph as the result is the same, i.e., the national emblem has been defiled. The statute is aimed at preventing the debasement of our national flag. If the debasement is done by means of photography, it is nonetheless a violation of the statute.

The trial court erred in sustaining the demurrer.

*Judgment reversed. McMurray and Smith, JJ., concur.*

ARGUED MAY 23, 1977 — DECIDED JULY 15, 1977 — REHEARING DENIED JULY 28, 1977 —

*Hinson McAuliffe, Solicitor, James L. Webb, Frank A. Bowers, Assistant Solicitors,* for appellant.

*Al Horn, Charles Thornton,* for appellee.