## 32408. HENDRIX v. THE STATE.

HALL, Justice.

Appellant, Howard Hendrix, appeals from his conviction of two counts of rape for which he received two consecutive twenty-year sentences.

The evidence presented at trial showed that the two young female victims, B and H, were leaving a concert at the Omni when they were approached by a male. After a short conversation, the girls indicated that they were on their way to meet some friends and the man offered to give them a ride. Two other men were waiting as they arrived at the car. One of the men got out and the two girls were pushed into the automobile. The driver of the car was identified as the appellant, Howard Hendrix.

The men took the victims to an abandoned apartment house and forced them up some stairs and into one of the units. When they were inside, the appellant held victim B while the other two men beat victim H and tore off her clothing. During the scuffle, the appellant went over to help subdue victim H while one of the other men held victim B. Shortly thereafter, the appellant reappeared and forced victim B to have sexual intercourse with him. The victim also testified that the appellant cut her on her hip.

After the appellant had raped victim B he left her with one of the other men and went into another room. While in the other room the appellant noticed a policeman outside and immediately yelled to the others, "Pigs, get the hell out of here." The appellant and one of the other men escaped through the back of the building.

The two victims gathered up their clothes and ran out of the apartment, where they met a policeman and proceeded to tell him what happened. Later victim B was called to the police station where she identified the appellant as the man who raped her. In addition, victim H identified the appellant at a police lineup.

1. The appellant contends that the prosecution did not establish that venue was proper in Fulton County since neither victim knew the name of the county where they were attacked. The two victims did identify photographs of the scene of the crime. These photographs

were also identified by the police officers as showing the apartment building where the crimes occurred, and they testified that the location was in Fulton County. This evidence was sufficient to establish venue in Fulton County. *Ellard v. State,* 233 Ga. 640 (212 SE2d 816) (1975).

2. The appellant also argues that he cannot be convicted for the rape of victim H since he did not himself have sexual intercourse with her. We disagree. A person who intentionally aids and abets in the commission of a crime is concerned in the crime and, therefore, may be charged with and convicted of the crime. Code § 26-801 (Ga. L. 1968, pp. 1249-1271); *Burke v. State,* 234 Ga. 512 (216 SE2d 812) (1975).

The evidence shows that the appellant not only knew what was happening in the room where victim H was being raped, but that he helped quiet her down and assisted in forcing her to allow the sexual intercourse. There was also evidence that he choked her and threatened her life. Accordingly, the jury was authorized to find that the appellant either aided, abetted, or encouraged the rape of victim H and was therefore a party concerned in the commission of the crime. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976).

3. Finally, the appellant's contentions that portions of the charge were capable of being misconstrued by the jury and were prejudicial to his case are without merit. The charge taken as a whole and not out of context was a correct and complete charge on all applicable principles of law.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 10, 1977 — DECIDED SEPTEMBER 7, 1977.

*Stanley H. Nylen,* for appellant.
*Lewis R. Slaton, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.