## 59611. DANIELS v. THE STATE.

DEEN, Chief Judge.

Giles Daniels brings this appeal following his conviction by a jury of violating the Georgia Controlled Substances Act (distribution of marijuana).

1. Appellant first contends that the trial court erred in failing to give his requested charges on entrapment.

There was no evidence of entrapment shown at trial. A GBI undercover officer testified that she had asked Daniels about obtaining some marijuana and he said that he had some at his residence, took her and another officer to his residence and gave her some marijuana plants and seeds. Appellant admitted giving her the plants, but denied giving her any seeds. He also claims that she came to his place with another man and gave him a beer and a marijuana cigarette to smoke. He admitted that she had done nothing to cause him to give her the plants other than just ask for them.

"Entrapment exists where the idea and the intention to commit the act originate with a police officer, who, by undue persuasion and deceitful means, induces the defendant to violate the law. But there is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense." *Hill v. State,* 225 Ga. 117, 119 (166 SE2d 338) (1969). The trial judge, therefore, did not err in denying defendant's request to charge on entrapment.

2. Appellant next contends that the trial court, by its demeanor throughout the trial and sentencing, exhibited clear prejudice and bias against him.

He first argues that the prosecutor was allowed to cross

examine the defendant over objection about crimes other than the one for which he was on trial. Daniels testified that the agent gave him beer and marijuana and that he drank the beer and smoked the marijuana before he gave her the plants. On cross examination, he was asked what were the effects of beer and marijuana mixed together and he replied, "I imagine it would give you a little bit more high on it." When questioned about his "imagining" he replied, "It will make you a little higher when you're smoking and drinking." When asked, "You mean it will make you higher than you ordinarily would be if you just smoked marijuana?" the defendant responded in the affirmative. He was then asked how long he had been smoking marijuana. He replied it had been over two years. It was at this point that counsel raised an objection that the defendant was not charged with possession. As the defendant admitted smoking marijuana on direct examination, we find no error. It was also not error to cross examine the defendant about source of the marijuana plants growing in his backyard.

The defendant also contends that the trial court improperly interjected itself into the trial by asking him questions as to his criminal intent. " 'The trial judge has the right to propound a question or series of questions to any witness for the purpose of developing fully the truth of the case; and the extent to which the examination conducted by the court shall go is a matter within his discretion. And a lengthy examination by the court of a witness called by either party will not be cause for a new trial, even though some of the questions propounded by the court were leading in character, unless the court, during the examination of the witness by himself, expresses or intimates an opinion on the facts of the case, or as to what has or has not been proved, or the examination takes such course as to become argumentative in character.' [Cits.]" *Wilson v. State,* 229 Ga. 224, 225 (190 SE2d 78) (1972). As appellant made no objection to the nature of the trial court's questions, there is nothing for this court to review. *Tyler v. State,* 147 Ga. App. 394 (249 SE2d 109) (1978). This same rule also applies to appellant's argument that the court expressed approval and ratification of the acts of the law enforcement officers by stating, "You know, under the law you can set a trap for him. You can trap him. There's nothing wrong with trapping folks." The record shows that the judge made this statement outside the presence of the jury when the defendant's counsel was arguing that there was sufficient evidence to justify his requested charge on entrapment.

Finally, appellant argues that the court showed impermissible bias by expressing a preconceived opinion of guilt when the court lectured him prior to sentencing. We find no error as the trial court

had already adjudicated the issue of his guilt.

3. In his final enumeration of error, the appellant contends that the sentence imposed was unduly tainted because of the bias and prejudice of the trial court. The defendant received a five-year sentence. This court cannot review a sentence which is within the statutory limits. *Garrett v. State,* 147 Ga. App. 500 (249 SE2d 315) (1978).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

ARGUED MARCH 6, 1980 — DECIDED APRIL 10, 1980 —

*John W. Lawson,* for appellant.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., J. David Fowler, Assistant District Attorneys,* for appellee.