66837. BOWLES et al. v. THE STATE.

McMURRAY, Presiding Judge.

By separate accusations these seven defendants were charged with the offense of a misdemeanor, that is, intentionally and deliberately mutilating, defacing and defiling a certain flag of the United States of America by setting said flag on fire on May 1, 1981. These defendants were convicted, sentenced and appeal following the denial of their joint motion for new trial. *Held:*

1. As a part of a May Day (May 1, 1981) celebration of the International Workers Day, certain members and supporters of the Revolutionary Communist Party participated in a demonstration at Techwood Homes in Atlanta, Georgia. Two police officers who were present to maintain order observed these defendants when they

gathered and deliberately set a small United States flag on fire and then other similar flags were set on fire, holding them up in the air as the flags burned. These officers testified the acts were deliberate in burning the flags. The defendants contend that the verdicts of guilty were contrary to the law in that the small flags burned were not official United States flags and each flag admitted into evidence was not tied to a specific defendant. However, in viewing the evidence it is our opinion that any rational trier of fact could have found the essential elements, beyond a reasonable doubt, as set forth in Code Ann. § 26-2803 (Ga. L. 1968, pp. 1249, 1323) in effect at the time of the offense, trial and imposition of sentences in the case sub judice. See *Driggers v. State,* 244 Ga. 160, 161 (259 SE2d 133); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Benjein v. State,* 158 Ga. App. 794, 795 (282 SE2d 391). The officers testified positively as to their observations as to these defendants in the burning of the small United States flags, and it was not necessary that there be evidence offered that said flags were official. Compare *State v. Jackson,* 143 Ga. App. 88, 89 (237 SE2d 533); *Monroe v. State,* 250 Ga. 30 (295 SE2d 512). There is no merit in this complaint.

2. The second enumeration of error contends the trial court erred in overruling the defendants' demurrer and motion to dismiss challenging under the First and Fourteenth Amendments the constitutionality of said statute, contending it is inconsistent, vague and over broad. For this reason, the case sub judice was first filed in the Supreme Court of Georgia. By order, however, said case has been transferred for review to this court.

The defendants contend that under the recent decision of *Monroe v. State,* 250 Ga. 30, supra, the Supreme Court did not specifically address the overbreadth doctrine and sought to make additional constitutional attacks upon the statute. This court lacks jurisdiction to review constitutional issues. With the transfer of this case to this court the effect is that the constitutionality of the statute has been settled and is no longer an issue in this case. See in this connection *Monroe v. State,* 250 Ga. 30, supra; *Phillips v. State,* 229 Ga. 313 (191 SE2d 61); *Ayers v. Mobley,* 248 Ga. 869 (287 SE2d 4); *Farmer v. Farmer,* 147 Ga. App. 387, 389 (2) (249 SE2d 106). It is, therefore, presumed that the constitutional attack was settled by the decision of *Monroe v. State,* 250 Ga. 30, supra, and this enumeration of error is controlled by that case.

3. Without a written request to charge the trial court is not required to instruct the jury on any collateral matter, but only on the law of each substantive point or issue involved in the case. See *Burger v. State,* 245 Ga. 458 (1), 459 (265 SE2d 796), and cases cited. Absent

such request to charge, the trial court's failure to instruct the jury as to the meaning of certain terms used in the charge is not ordinarily grounds for reversal. See *Dix v. State,* 238 Ga. 209, 215 (5) (232 SE2d 47), and cits. However, we deem that the phrase "flag of the United States of America" to be of such common usage and understanding as not to require further definition and the evidence did not require such instruction. Compare *Strong v. State,* 161 Ga. App. 606, 608 (6) (288 SE2d 921). There is no merit in defendants' enumeration of error that the charge to the jury was incomplete and inadequate in its failure to define the flag of the United States and the need to instruct the jury to find a specific intent to burn the flag. The jury as a fact finder did consider the evidence and determine that the defendants had violated the statute with reference to intent in the method used here to burn the flag at a demonstration such as here. See *Ratliff v. State,* 133 Ga. App. 256 (2) (211 SE2d 192); *Duffie v. State,* 154 Ga. App. 61 (1), 62 (267 SE2d 501).

4. In the next enumeration of error we consider defendants' complaint with reference to the recharge following the jury's inquiry as to whether it should find a "physical holding of an instrument of fire and/or a flag or being an active party to the setting of fire of a flag." The court charged on parties to a crime. Defendants contend the court failed to properly instruct the jury again as to intent, reasonable doubt and the essential elements of the crime for which each defendant was charged. Examination of the charge as a whole determines that all of these issues were given to the jury in the instructions by the court. The charge to the jury is to be taken as a whole and not out of context when making determinations as to correctness of same. See *Hendrix v. State,* 239 Ga. 507, 508 (3) (238 SE2d 56); *Clark v. State,* 153 Ga. App. 829, 831 (2) (266 SE2d 577). Further, this rule includes recharges to be considered as a part of the whole charge. See *Brownlee v. State,* 155 Ga. App. 875, 876 (3) (273 SE2d 636); *Rachel v. State,* 247 Ga. 130, 133 (3) (274 SE2d 475). The case of *Freeman v. State,* 142 Ga. App. 293, 294 (4) (235 SE2d 560), with reference to the issue of "guilt by association" which is not a crime is inapposite and not controlling here.

5. At the sentencing phase of the trial the court did not err in limiting the scope of the sentencing hearing to evidence showing extenuation and mitigating circumstances by the defendants. Defendants contend that during this hearing they had a "right of allocution." We note here that former Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357) (now OCGA § 17-10-2, effective November 1, 1982), provides for pre-sentence hearings in felony cases. Here the defendants were found guilty of a misdemeanor. However, in the instant case at a sentencing hearing under former Code Ann. §

27-2506 (Ga. L. 1964, p. 485; 1970, pp. 236, 241; 1972, p. 600; 1974, pp. 361, 362; 1974, p. 631; 1976, pp. 210, 211) (now OCGA § 17-10-3, effective November 1, 1982) the court provided an opportunity to the defendants with reference to extenuation and mitigation and when one of the defendants attempted to make a statement beyond the nature of extenuation and mitigation and repeatedly refused to heed the trial court's advisory on the limitations of proceedings she was told to take a seat. Further, *Monroe v. State,* 250 Ga. 30, 36 (6), supra, is an adverse ruling with reference to this complaint in that the Supreme Court therein held that the "[d]efendants' argument addresses itself to a matter which must be resolved, if at all, by the General Assembly." This point of law applies to the case sub judice. There is no merit in this complaint.

Further, with reference to the pre-sentencing the trial court considered certain probation reports and refused to disclose the contents of same to the defendants. These reports were not used to set the defendants' sentences but to determine whether or not a particular defendant's sentence should be suspended or probated, said probation reports having been prepared pursuant to Code Ann. § 27-2709 (Ga. L. 1956, pp. 27, 31; 1958, pp. 15, 20; 1960, p. 1148; 1972, pp. 604, 609; 1980, pp. 1136, 1137) (now OCGA § 42-8-34, effective November 1, 1982). The case of *Munsford v. State,* 235 Ga. 38, 44-46 (218 SE2d 792), involved a felony (armed robbery) and in no wise supports any claims of error in the case sub judice. We find no merit in this complaint.

6. The remaining enumeration of error complaining that the sentencing procedure employed by the trial court violated the constitutional rights of these defendants is controlled adversely by the decision in *Monroe v. State,* 250 Ga. 30, supra. Further, the sentence was within the limits set for a misdemeanor offense in this state, and such a sentence which falls within the statutory limit is within the discretion of the sentencing judge and not subject to review. See *Baldwin v. State,* 75 Ga. 482 (2), 485; *McCollum v. State,* 119 Ga. 308, 311 (3) (46 SE 413); *Daniels v. State,* 154 Ga. App. 323, 325 (268 SE2d 376); *Covington v. State,* 157 Ga. App. 371 (2) (277 SE2d 744).

Having considered each and every enumeration of error argued by the defendants here and finding no reversible error the judgment must be affirmed.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 20, 1983 —
REHEARING DENIED NOVEMBER 7, 1983 —

*J. M. Raffauf,* for appellants.
*E. Duane Cooper, Assistant Solicitor,* for appellee.