**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodney K. JOHNSON, Jr.,**
**Defendant–Appellant.**

No. 06–4576.

United States Court of Appeals,
Fourth Circuit.

Argued: March 15, 2007.

Decided: June 27, 2007.

**ARGUED:** Frances Hemsley Pratt, Office of the Federal Public Defender, Alexandria, Virginia, for Appellant. Joseph L. Kosky, Special Assistant United States Attorney, Office of the United States Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Michael S. Nachmanoff, Acting Federal Public Defender, Walter B. Dalton, Assistant Federal Public Defender, Office of the Federal Public Defender, Alexandria, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

Before WILLIAMS, MICHAEL, and SHEDD, Circuit Judges.

Affirmed by published opinion. Judge MICHAEL wrote the opinion, which Judge WILLIAMS and Judge SHEDD joined.

## OPINION

MICHAEL, Circuit Judge.

Rodney K. Johnson, Jr. pled guilty to two counts of aggravated sexual abuse after he raped and assisted another man, Michael S. Hodge, in raping a woman on a United States naval base. *See* 18 U.S.C. § 2241(a)(1) and § 2. Johnson appeals his sentence, arguing that he should not have received a two-level enhancement for physical restraint of the victim under United States Sentencing Commission, Guidelines Manual (U.S.S.G.), § 3A1.3 (2003). He claims that the physical restraint factor was taken into account through his offense guideline, § 2A3.1, which required a four-level enhancement for the conduct described (forcible rape) in his statute of

conviction. U.S.S.G. § 2A3.1(b)(1). We disagree because physical restraint is not a necessary element of his offense under § 2241(a)(1). Force is an element of the offense, but forcible rape may be committed without resort to physical restraint, as defined in the guidelines. We therefore affirm Johnson's sentence.

## I.

On the night of July 29, 2004, a 22–year–old woman went to a nightclub in Norfolk, Virginia, with friends. After several hours of dancing and drinking, the woman walked outside to the club's parking lot. There, she ran across Johnson and Hodge. The three, who were not previously acquainted, struck up a conversation. The two men soon offered the woman a ride home, and she accepted. Hodge, a member of the U.S. Navy, was the driver. Instead of proceeding to the woman's residence, Hodge drove the threesome to the Naval Amphibious Base Little Creek in Norfolk. Hodge proceeded to a park inside the base, where the party got out of the car, sat down at a picnic table, and began to talk. After a few minutes Hodge knocked the woman to the ground with a punch to the head. He pulled off her pants, held her hands, and covered her mouth to prevent her from screaming. While Hodge restrained the victim, Johnson raped her. The men then traded places, and Hodge raped the victim while Johnson held her down by gripping her arms. During the rape Hodge punched the victim repeatedly in the face, body, and head with his fists. When they were through, Johnson and Hodge left the then-unconscious victim in the park and drove away.

Johnson pled guilty to two counts of aggravated sexual abuse for raping the victim and for aiding and abetting Hodge's rape of her. *See* 18 U.S.C. § 2241(a)(1) and § 2. The presentence report (PSR) recommended a base offense level of 27 because the offense involved criminal sexual abuse. *See* U.S.S.G. § 2A3.1(a) (2003). The PSR also recommended a four-level enhancement because the offense involved conduct (forcible rape) described in 18 U.S.C. § 2241(a), *see id.* § 2A3.1(b)(1); a two-level enhancement because the victim was physically restrained, *see id.* § 3A1.3; and a three-level downward adjustment because Johnson accepted responsibility for his offense, *see id.* § 3E1.1(a). The district court adopted these recommendations and overruled Johnson's objection to the enhancement for physical restraint. Johnson's final offense level of 30, when combined with his criminal history category of V, yielded an advisory guideline range of 151 to 188 months of imprisonment. The court sentenced Johnson to 188 months in prison.

Johnson appeals his sentence, arguing that the district court erred in applying the guideline § 3A1.3 enhancement for physical restraint of the victim. His argument raises questions of law that we review de novo. *United States v. Moreland,* 437 F.3d 424, 433 (4th Cir.2006).

## II.

A defendant receives a two-level sentence enhancement if the "victim was physically restrained in the course of the offense." U.S.S.G. § 3A1.3. Johnson argues that § 3A1.3 is inapplicable because his act of holding down the victim while Hodge raped her does not fit within the guidelines' definition of physical restraint. *See id.* § 1B1.1 cmt. n. 1(K) (defining physical restraint as forcible restraint and giving examples). Johnson argues in the alternative that he is exempt from § 3A1.3's enhancement because the physical restraint factor was accounted for in his offense guideline, § 2A3.1, which im-

poses a four-level enhancement for his offense of using force to cause the victim to engage in a sexual act. *Id.* § 2A3.1(b)(1). We reject these arguments.

## A.

■■■ According to the guidelines' definition, " '[p]hysically restrained' means the forcible restraint of the victim such as by being tied, bound, or locked up." *Id.* § 1B1.1 cmt. n. 1(K). The definition's "use of the words 'such as' [make it] apparent that 'being tied, bound, or locked up' are listed by way of example rather than limitation." *United States v. Stokley,* 881 F.2d 114, 116 (4th Cir.1989). Thus, courts have determined that the following acts of restraint are sufficiently akin to the examples to constitute forcible restraint: shoving a victim back into, and preventing her from leaving, a bomb-rigged room, *id.;* holding a gun to a victim's head to prevent her from leaving her carjacked vehicle, *United States v. Wilson,* 198 F.3d 467, 472 (4th Cir.1999); and repeatedly pushing and grabbing two rape victims to prevent them from leaving a bedroom, *Arcoren v. United States,* 929 F.2d 1235, 1246 (8th Cir.1991). We likewise hold here that Johnson's act of gripping the victim's arms and holding her down while Hodge raped her is sufficiently akin to the definition's examples (being tied, bound, or locked up) to constitute forcible restraint. His act therefore qualifies as physical restraint under the guidelines' definition.

## B.

■■■ We now consider Johnson's argument that he is exempt from guideline § 3A1.3's two-level enhancement. The enhancement does not apply (1) when "the offense guideline specifically incorporates [the physical restraint] factor" or (2) when "the unlawful restraint of a victim is an element of the offense itself," as in kidnapping and abduction offenses, for example. U.S.S.G. § 3A1.3 cmt. n. 2. The offense guideline applied to Johnson requires a four-level enhancement "[i]f the offense involved conduct described in 18 U.S.C. § 2241(a) or (b)." *Id.* § 2A3.1(b)(1). Because the offense guideline is triggered by the conduct described in § 2241(a), the answer to the question of whether unlawful restraint is an element of the § 2241(a) offense effectively answers the question of whether the offense guideline specifically incorporates victim restraint.

Johnson was convicted of violating 18 U.S.C. § 2241(a)(1), which describes the offense as "knowingly caus[ing] another person to engage in a sexual act ... by using force against, that other person." Unlike the kidnapping and abduction offenses that are specifically exempted from guideline § 3A1.3, *see* U.S.S.G. § 3A1.3 cmt. n. 2, conviction under § 2241(a)(1) does not hinge on whether the victim was restrained or confined. Instead, conviction under § 2241(a)(1) depends on whether the victim was compelled by force to submit to a sexual act. *Compare United States v. Hughes,* 716 F.2d 234, 238 (4th Cir.1983) ("the offense of kidnapping is complete by the unwilling confinement, by any of the enumerated means, of an individual who is held for ransom, reward, or otherwise") *with Arcoren,* 929 F.2d at 1248 (§ 2241(a)(1) offense "does not necessarily include the physical restraint that [guideline] section 3A1.3 covers").

■■■ Johnson argues that the force element in the context of forcible rape is essentially equivalent to restraint. Section 2241(a)(1) does not define force, but we agree with other courts that the statute requires force "sufficient to overcome, restrain, or injure a person; or the use of a threat of harm sufficient to coerce or compel submission by the victim." *United States v. Weekley,* 130 F.3d 747, 754 (6th

Cir.1997); *United States v. Lauck,* 905 F.2d 15, 17 (2d Cir.1990); *see also* H.R. Rep. 99–594, at 14 n. 54 (1986), *as reprinted in* 1986 U.S.C.C.A.N. 6186, 6194 n. 54a (providing essentially the same definition of "force" for § 2241(a)(1) purposes).

Under this definition the force element in § 2241(a)(1) may be satisfied without evidence of physical restraint similar to the examples (being tied, bound, or locked up) in the guidelines' definition of physical restraint. In other words, the "use of force does not necessarily entail physical restraint." *Arcoren,* 929 F.2d at 1248. For example, a rapist could inflict blows upon his victim until she submits to a sexual act without restraining her in the manner contemplated by the physical restraint guideline, § 3A1.3. *See United States v. Myers,* 733 F.Supp. 1307, 1309 (D.Minn.1990). Similarly, an application of force to open the victim's legs for intercourse has been deemed sufficient to satisfy § 2241(a)(1)'s force element, *see United States v. Williams,* 89 F.3d 165, 166, 168 (4th Cir.1996), but this force would not constrain the victim's movement in the manner contemplated by the physical restraint guideline. Finally, § 2241(a)(1)'s force element may be satisfied by inference when the offender has disproportionately greater strength than, or coercive power over, the victim. *See United States v. Willie,* 253 F.3d 1215, 1220 (10th Cir. 2001); *United States v. Lucas,* 157 F.3d 998, 1002 (5th Cir.1998); *United States v. LaRoche,* 83 F.3d 958, 959 (8th Cir.1996). An offender's ability to commit forcible rape without resort to physical restraint leads us to conclude that unlawful restraint is not an element of the § 2241(a)(1) offense or specifically incorporated in the offense guideline. Accordingly, Johnson is not exempt from the two-level enhancement under guideline § 3A1.3 for his physical restraint of the victim.

* * *

Rodney K. Johnson, Jr.'s sentence is *AFFIRMED.*