**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4098**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN LEWIS BAYLOR,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:05-cr-00282-RJC-CH-1)

Submitted: September 30, 2008          Decided: October 21, 2008

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randolph M. Lee, LAW OFFICES OF RANDOLPH M. LEE, Charlotte, North Carolina, for Appellant.   Gretchen C. F. Shappert, United States Attorney, Adam Morris, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Melvin Lewis Baylor pled guilty to conspiracy to commit robbery affecting interstate commerce, 18 U.S.C. § 1951(a) (2000) (Count One); aiding and abetting a robbery affecting interstate commerce, 18 U.S.C. §§ 1951, 2 (2000) (Count Two); and brandishing and discharging a firearm in furtherance of a crime of violence, 18 U.S.C.A. § 924(c) (West 2000 & Supp. 2008) (Count Three). He received a sentence of thirty-six months imprisonment for Counts One and Two, and a consecutive ten-year sentence for the § 924(c) count. Baylor appeals his sentence, contending that the district court erred in applying a two-level enhancement for physical restraint, U.S. Sentencing Guidelines Manual (USSG) § 2B3.1(b)(4)(B) (2006). We affirm.

Baylor, Trisco McFarland, and Nathan Cuthbertson together robbed a shoe store in Charlotte, North Carolina. Cuthbertson and McFarland both carried firearms. McFarland went to the back of the store and robbed two customers while Baylor and Cuthbertson went up to the store manager, Shawn Miller, who was at the cash register. Miller was also armed, but concealed his pistol under his shirt. Cuthbertson put his gun at the back of Miller's head and told Miller to open the cash drawer. He told Miller to hand him a paper bag that was on the shelf below

2

the cash drawer, and then Cuthbertson handed the bag to Baylor, who put money into it.

While Cuthbertson was distracted, Miller drew his gun and shot both Cuthbertson and Baylor multiple times. Cuthbertson was fatally wounded, but McFarland and Baylor escaped and stole a car at gunpoint from two men who had just parked in the parking lot.

Before sentencing, Baylor objected unsuccessfully to the enhancement recommended in the presentence report for restraint of a victim, arguing that Miller was not restrained in a way that would trigger the enhancement under § 2B3.1(b)(4)(B). The district court found that the enhancement was warranted under United States v. Wilson, 198 F.3d 467 (4th Cir. 1999) (holding that victim was physically restrained when gun was placed to her head). The court granted the government's motion for a substantial assistance departure and imposed a sentence of thirty-six months imprisonment for Counts One and Two, and a mandatory consecutive sentence of ten years for the § 924(c) count, for a total sentence of 156 months.

Baylor appeals his sentence, contending that the sentence is procedurally unreasonable because the court incorrectly applied the enhancement for physical restraint. A sentence is reviewed for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597

3

(2007); see also United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008). The appellate court must determine whether the district court correctly calculated the advisory guideline range, because a failure to do so constitutes a "significant procedural error" that may render a sentence unreasonable. Gall, 128 S. Ct. at 597. The appellate court (unlike the district court) may then apply a presumption of reasonableness to a sentence within the guideline range. Go, 517 F.3d at 218; see also Gall, 128 S. Ct. at 597; Rita v. United States, 127 S. Ct. 2456 (2007).

Application Note 1 to § 2B3.1 defines "physically restrained" by adopting the definition of the term set out in Application Note 1(K) to USSG § 1B1.1, that is "the forcible restraint of the victim such as by being tied, bound, or locked up."[*] The examples given in the Note are illustrative only. See United States v. Johnson, 492 F.3d 254, 257 (4th Cir. 2007) (citing United States v. Stokley, 881 F.2d 114, 116 (4th Cir. 1989), and noting with approval the decision in Wilson that "holding a gun to a victim's head to prevent her from leaving

---

[*] The same definition is incorporated into USSG § 3A1.3, which provides a two-level adjustment for restraint of a victim where the applicable guideline does not have an enhancement for that conduct.

4

her carjacked vehicle" was "sufficiently akin to the examples to constitute forcible restraint").

Baylor contends that in his case the enhancement was error based on decisions from the Ninth, Second, and Fifth Circuits holding that pointing a gun at a victim to restrict his movement is not physical restraint. See United States v. Parker, 241 F.3d 1114, 1118-19 (9th Cir. 2001); United States v. Anglin, 169 F.3d 154, 164 (2d Cir. 1999); United States v. Hickman, 151 F.3d 446, 461 (5th Cir. 1998). However, the First Circuit recently held that pointing a gun at a victim, while simultaneously placing a hand on his neck and shoulder to force him to kneel and stating, "I do not want to hurt you," constituted physical restraint. United States v. Ossai, 485 F.3d 25, 33 (1st Cir.), cert. denied, 128 S. Ct. 279 (2007).

Regardless of how other circuits view the issue, in this Circuit the law is clear that use of a gun to restrain a victim may constitute physical restraint within the meaning of § 2B3.1. Because our precedents are controlling, the district court did not err in finding that the victim in this case was physically restrained when Baylor's co-defendant placed a gun at his neck.

Baylor suggests that the holding in Parker should be applied in his case. However, a panel of this court may not overrule a prior panel. United States v. Simms, 441 F.3d 313,

5

318 (4th Cir.), cert. denied, 127 S. Ct. 233 (2006). He also suggests that our decision in United States v. Mikalajunas, 936 F.2d 153 (4th Cir. 1991), is more applicable to his case than Johnson, because Johnson involved an obvious example of physical restraint. In Mikalajunas, the defendant was convicted of being an accessory after the fact to second degree murder of a victim who was stabbed to death. We held that "a brief holding as part of a stabbing" did not meet the guideline definition of restraint. Mikalajunas, 936 F.2d at 156. In this case, we are satisfied that the facts support the enhancement.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED