**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

---

**No. 17-4355**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES LEONARD LANDRY,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Henry Coke Morgan, Jr., Senior District Judge.  (2:16-cr-00171-HCM-DEM-1)

---

Submitted:  April 26, 2018                                Decided:  May 15, 2018

---

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Steven P. Hanna, Richmond, Virginia, for Appellant.  Tracy Doherty-McCormick, Acting United States Attorney, Elizabeth M. Yusi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Leonard Landry pled guilty, pursuant to a plea agreement, to possession of images of minors engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B) (2012). The district court determined that Landry's 2004 Virginia conviction for taking indecent liberties with children, in violation of Va. Code Ann. § 18.2-370 (2004), qualifies as a crime that involves sexual abuse or abusive sexual conduct, and therefore imposed a mandatory minimum 10-year sentence pursuant to 18 U.S.C. § 2252(b)(2). On appeal, Landry contends that the district court erred in applying § 2252(b)(2) because, he argues, the statute that formed the basis of his state conviction is divisible, and at least one portion of that statute—Va. Code Ann. §18.2-370(B)— punishes conduct that does not categorically constitute the generic offense of sexual abuse of a minor, and no properly-considered documents demonstrate that he was convicted of a subsection of § 18.2-370 that does categorically involve the sexual abuse of a minor. We affirm.

"[W]hether the [district] court properly applied a statutory enhancement . . . [is] a question of law that we review de novo." *United States v. Wynn*, 786 F.3d 339, 341 (4th Cir. 2015). "In determining whether [an] underlying sex offense is comparable to or more severe than the enumerated federal offense," this court uses the categorical approach, comparing "the *elements* of the underlying offense of conviction—not the underlying facts—with the *elements* of the federal offense." *United States v. Cammorto*, 859 F.3d 311, 314 (4th Cir. 2017). "The categorical approach requires that courts conduct a limited review of a prior conviction restricted to consideration of the elements

2

of the offense and the fact of conviction." *United States v. Spence*, 661 F.3d 194, 198 (4th Cir. 2011).

Defendants are subject to enhanced penalties under § 2252(b)(2) if they possess a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252(b)(2). We have previously held "that 'sexual abuse of a minor' means the perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." *United States v. Diaz-Ibarra*, 522 F.3d 343, 352 (4th Cir. 2008) (internal quotation marks omitted).

At the time of Landry's conviction, § 18.2-370 contained two subsections: subsection (A) addressed an adult taking or proposing to a child, any of a variety of explicitly sexual actions regarding the genitalia of a child or his own genitalia in the presence of a child, or enticing, luring, persuading, or inviting a such child to enter any place for one of these purposes. Subsection (B) applied to an adult who

> knowingly and intentionally receives money, property, or any other remuneration for allowing, encouraging, or enticing any person under the age of 18 years to perform in or be a subject of sexually explicit visual material as defined in § 18.2-374.1 or who knowingly encourages such person to perform in or be a subject of sexually explicit material . . . .

Va. Code Ann. § 18.2-370(B). The statute further required that any action be undertaken with "lascivious intent," which is defined "for purposes of [§ 18.2-370] as a state of mind that is eager for sexual indulgence, desirous of inciting to lust or of inciting sexual desire and appetite." *Dietz v. Commonwealth*, 804 S.E.2d 309, 315 (Va. 2017) (internal quotation marks omitted).

3

Landry does not contest that the conduct prohibited under subsection (A) qualifies as sexual abuse of a minor, and we conclude that it does relate to "misuse or maltreatment of a minor for a purpose associated with sexual gratification." *Diaz-Ibarra*, 522 F.3d at 352. As to subsection (B), we have previously examined the contours of "sexually explicit material" as used by another Virginia statute, § 18.2-374.1(B)(2), when we reviewed a Virginia state conviction for production of child pornography, which involved the production or attempted production of "sexually explicit material." *United States v. Colson*, 683 F.3d 507, 510 (4th Cir. 2012). We examined "the 'most innocent conduct' prohibited by" § 18.2-374.1(B)(2)—the production of "lewd exhibitions of nudity" of a minor—and determined that "the production or attempted production of a 'lewd exhibition of nudity' that utilizes a minor as its subject relates to sexual abuse and abusive sexual conduct involving a minor." *Id.* at 510-11.

Section § 18.2-370(B) differs slightly from the statute at issue in *Colson*, in that it criminalizes allowing, encouraging, or enticing minors to participate in the production of sexually explicit material, whereas § 18.2-374.1(B)(2) prohibits the production of such material. But the difference is irrelevant for the purposes of 18 U.S.C. § 2252(b)(2). Encouraging a minor to participate in the production of sexually explicit material relates as much to the "nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification" as does the attempted production of such material. *Diaz-Ibarra*, 522 F.3d at 353.

Landry proposes a number of hypothetical scenarios that, he posits, demonstrate that § 18.2-370(B) penalizes conduct that does not qualify as sexual abuse or abusive

4

sexual conduct. However, "[t]his Court has made clear that its focus on the minimum conduct required for conviction does not give litigants or courts a green light to conjure up fanciful fact patterns in an attempt to find some" conduct that falls outside of the contours of the generic federal crime. *United States v. Covington*, 880 F.3d 129, 135 (4th Cir. 2018) (brackets and internal quotation marks omitted). The scenarios that Landry proposes are far-fetched, prosecutions under such circumstances have never occurred in Virginia, and such prosecutions are unlikely ever to occur. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) ("To show that realistic probability, an offender . . . must at least point to his own case or other cases in which the state courts in fact did apply the statute in the . . . manner for which he argues.").

Because all conduct proscribed by Va. Code Ann. § 18.2-370 categorically involves abusive sexual conduct, the district court did not err in applying the mandatory minimum sentence mandated by 18 U.S.C. § 2252(b)(2). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*